UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**RUSSELL PRENELL**             **CIVIL ACTION NO. 06-2333**

**VS.**                         **SECTION P**

**WARDEN JOHN GUNTER, ET AL.**  **JUDGE JAMES**

                                **MAGISTRATE JUDGE HAYES**

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on December 13, 2006, by *pro se* plaintiff Russell Prenell. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Richland Parish Detention Center, Rayville, Louisiana, but complains that he and others were poisoned by a fellow inmate on December 2, 2006, while he was incarcerated at the East Carroll Detention Center (ECDC), Lake Providence, Louisiana. He claims that he was denied adequate medical care following the incident and that the person responsible for his injury was not disciplined. He named as defendants ECPDC Warden John Gunter, Corrections Officer Willie Roland, Lt. Carter, Dr. Fountain, and an individual identified only as "Joel Phenix.." He asks for a transfer to another corrections facility and for damages of $1,000 /day from December 2, 2006.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

1

On December 2, 2006, plaintiff was an LDOC inmate incarcerated at the East Carroll Detention Center in Lake Providence, Louisiana. On that day he and other inmates discovered that they had ingested rat poison. According to the plaintiff, Officer Willie Roland placed the poison on the floor and a fellow inmate then placed the poison in the dormitory coffee pot. Upon his discovery of the problem, plaintiff demanded to be "rush[ed] to the hospital." His demand was refused and he was threatened with unspecified harm should he report the incident to his family. Plaintiff claims that he became sick, that he threw- up and that he was bleeding from his mouth. Plaintiff claims that he was not examined or treated by a physician. On December 4, 2006, the inmate responsible for the incident was transferred and not otherwise disciplined. Plaintiff further faults the Warden for his failure to investigate the incident.

On February 23, 2007, the undersigned completed an initial review of the complaint and having found the complaint deficient, ordered plaintiff to amend to provide more specific details concerning the incident and consequential injuries.[1]

---

[1] Plaintiff was specifically advised, "Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege **specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant.** This conclusion must be supported by specific factual allegations stating the following: (1) the name(s) of each person who allegedly violated plaintiff's constitutional rights; (2) a description of what actually occurred or what each defendant did to violate plaintiff's rights; (3) the place and date(s) that each event occurred; and (4) a description of the alleged injury sustained as a result of the alleged violation. Plaintiff should amend his complaint to provide the information required by Rule 8. Specifically he should particularly describe the injury he sustained." [doc. 4] Additionally, plaintiff was advised, "Plaintiff has named Warden John Gunter and Lt. Carter as a defendants, but alleged no fault on their part. To the extent that he named the Warden and the Lt. in their supervisory capacities, he is advised, 'Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries.' *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). 'Vicarious liability does not apply to § 1983 claims.' *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). 'Personal involvement is an essential element of a civil rights cause of action.' *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by those defendants. He has also failed to allege specific acts of fault on the part of defendants Willie Roland and Joel Phenix. He should amend to state specifically how these defendants violated rights guaranteed to plaintiff by the Constitution." [*id.*]

The order directing plaintiff to amend was returned by the United States Postal Service because plaintiff was no longer incarcerated at ECDC. [doc. 5] Since plaintiff failed to inform the court of his transfer as required by FRCP Rule 41 and LR 41.3W, the undersigned recommended dismissal of his complaint on April 2, 2007. [doc. 6] On April 12, 2007, plaintiff objected to the recommendation and noted that on January 5, 2007, he was transferred to the Riverbend Detention Center, Lake Providence, Louisiana, and officials at ECDC refused to forward his mail. [doc. 7] On April 17, 2007, plaintiff advised the court that he had been transferred to his present place of confinement, the Richland Parish Detention Center, Rayville, Louisiana. [doc. 8] Accordingly, on April 27, 2007, the undersigned withdrew the Report and Recommendation and directed the Clerk to serve the plaintiff with a copy of the Memorandum Order of February 23, 2007. [doc. 9] Plaintiff was provided a copy of the Memorandum Order directing amendment of the complaint on June 18, 2007. On June 21, 2007 he responded to the Memorandum Order by naming two additional defendants, Lt. Carter and Dr. Fountain. He also listed five inmate witnesses. However, he provided none of the information requested in the Memorandum Order. [doc. 12]

*Law and Analysis*

*1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint was insufficient and failed to provide the information necessary to state a claim. Plaintiff was ordered to amend, and filed a response to that order; however, he provided none of the information requested.

Read liberally, plaintiff's complaint raises two specific claims. He complains that the defendants failed to protect him from harm at the hands of a fellow inmate and that he was

4

denied adequate medical care. As is shown below, plaintiff has failed to allege sufficient facts to establish his claims.

## 2. Failure to Protect

While not specifically alleged, it appears that plaintiff was an LDOC convict when the complained of acts occurred.[2] The Eighth Amendment prohibits the imposition of cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and they must take reasonable measures to guarantee the safety of the inmates in their custody. See *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "It is not, however, every injury suffered by a prisoner at the hands of another that translates into constitutional liability for prison officials." *Farmer*, 511 U.S. at 834. When considering a claim regarding prison conditions, including claims that prison officials failed to protect an inmate-plaintiff, the court must consider "whether society considers the risk ... to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

To prevail on a failure to protect claim, the plaintiff-inmate must show that he was incarcerated "under conditions posing a <u>substantial risk</u> of serious harm" and that the defendant prison officials were <u>deliberately indifferent</u> to the his health and safety. *Id.* The test for deliberate indifference is a subjective one. Thus, "a prison official cannot be found liable under the Eighth Amendment ...unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id .* at 838-39.

---

[2] Plaintiff has affixed his LDOC identification number (108654) to all of his pleadings. A search of the internet confirms that he was at all times relevant to this inquiry an inmate in the custody of the LDOC. See http://www.vinelink.com/offender/searchResults.jsp

In other words, it is only a prison official's <u>deliberate indifference to a substantial risk of serious harm to an inmate</u> that constitutes cruel and unusual punishment as prohibited by the Eighth Amendment. See *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To establish a failure to protect claim, a "prisoner must prove both that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials were deliberately indifferent to his need for protection." *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir.1995), citing *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

As shown above, plaintiff has apparently pleaded all of the facts at his disposal to make his Eighth Amendment failure to protect claim. Nevertheless, he has not shown that the defendant prison officials were aware of a substantial risk of serious harm from poisoning by a fellow inmate.

Even had plaintiff made such a showing, he has not shown that the defendants drew such an inference and actively desired the harm that ultimately befell plaintiff and his companions. In short, having failed to show that the defendants were deliberately indifferent, plaintiff's failure to protect claim must be denied as frivolous.

**3. Medical Care**

Plaintiff's medical care claim also arises under the Eighth Amendment's prohibition against cruel and unusual punishment. As with the failure to protect claim, in order to show an Eighth Amendment violation in this context, plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97

6

S.Ct. 285, 50 L.Ed.2d 251 (1976); *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). Plaintiff has not made such a showing. Deliberate indifference in the context of the failure to provide reasonable medical care to a prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Id.* at 458-59.

"[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. Plaintiff has not shown that the defendants were aware of facts from which an inference of substantial risk of serious harm could be drawn; nor has he shown that they actually drew such an inference; nor that their response to plaintiff's complaints indicated that they subjectively intended that any harm occur to the plaintiff. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001).

The plaintiff's allegations of fact do not reveal that he was ever subject to a "substantial risk of serious harm." Had plaintiff been in the "free world" it is unlikely that he would have

received any more attention as a result of the injury he sustained.  Plaintiff has named a physician, Dr. Fountain, as a defendant; he was apparently examined by the physician at some point in time.  Whether this physician, or any one else  "should have perceived" a risk of harm to plaintiff, but did not, is of no moment since  "...the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).  Plaintiff's complaint, taken as true, does not rise to this required level of indifference.

Further, plaintiff has not alleged that he was harmed in any significant way by the failure of the defendants to provide medical care of the type he demanded.  In short, plaintiff's claims concerning the denial of adequate medical care are frivolous and dismissal on that basis is recommended.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b),**

**shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

      **THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 27th day of July, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE